# EXHIBIT "C"

8922616



```
8922616
12/12/2003 10:03 AM  18.00
Book - 8922  Pg - 8581-8585
     GARY  W.  OTT
RECORDER, SALT LAKE COUNTY, UTAH
OPTIMA INFORMATION SOLUTIONS
1700 CARNEGIE AVE STE 200
SANTA ANA CA 92705
BY: BRM, DEPUTY - WA  5 P.
```

Consumer Loan Records Center
1170 Silber RD, Houston, TX 77055

When Recorded Mail to:     WAMU
Optima Information Solutions  @  1700
Carnegie Ave #200, Santa Ana, CA 92705
ATTN: OPTIMA

Loan Number: 0025417064



**EQUITY LINE OF CREDIT
DEED OF TRUST**

*(Utah Use Only)*

THIS DEED OF TRUST is between:
LARRY R. MCNEILL

whose address is

8430 ROBIDOUX RD  SANDY, UT 84093-1181

("Grantor");     WASHINGTON MUTUAL BANK                                    , a
             WASHINGTON                                        corporation, the address of which is
1201 THIRD AVENUE  SEATTLE, WA 98101

("Trustee"); and

"Washington Mutual Bank, which is organized and existing under the laws of Washington State, and whose address is 1201 Third Avenue, Seattle, Washington 98101 ("Beneficiary") and its successors or assigns."

    1. **Granting Clause.** Grantor hereby grants, bargains, sells, and conveys to Trustee in trust, with the power of sale, the real property in   SALT LAKE   County, UTAH   , described below, and all rights and interest in it Grantor ever gets:
THE FOLLOWING DESCRIBED REAL PROPERTY LOCATED IN THE COUNTY OF SALT LAKE, STATE OF UTAH, DESCRIBED AS FOLLOWS:

LOT 814, COUNTRY CLUB ESTATES SUBDIVISION, ACCORDING TO THE OFFICIAL PLAT THEREOF RECORDED IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

Tax Parcel Number:   22-35-376-024-0000

together with all insurance and condemnation proceeds related to it; all income, rents and profits from it; all plumbing, lighting, air conditioning and heating apparatus and equipment; and all fencing, blinds, drapes, floor coverings, built-in appliances, and other fixtures, at any time installed on or in

3400 (02/12/02) 3.2                                BANK                      BK 8922 PG 8581 Page 1 of 5

Loan Number:   0025417064

connection with such real property.

All of the property described above will be called the "Property." If any of the Property is personal property, this Deed of Trust is also a Security Agreement which grants Beneficiary, as secured party, a security interest in all such property. As used herein "State" shall refer to the State of Utah.

2. **Obligation Secured.** This Deed of Trust is given to secure performance of each promise of Grantor contained herein and in a Home Equity Line of Credit Agreement with Beneficiary with a maximum credit limit of ___$200,000.00___ (the "Credit Agreement"), including any extensions, renewals or modifications thereof, and repayment of all sums borrowed by Grantor under the Credit Agreement, with interest from the date of each advance until paid at the rates provided therein. The Credit Agreement provides for a variable rate of interest. Under the Credit Agreement, the Grantor may borrow, repay and re-borrow from time to time, up to the maximum credit limit stated above, and all such advances shall be secured by the lien of this Deed of Trust. This Deed of Trust also secures payment of certain fees and charges payable by Grantor under the Credit Agreement, certain fees and costs of Beneficiary as provided in Section 9 of this Deed of Trust, and repayment of money advanced by Beneficiary to protect the Property or Beneficiary's interest in the Property, including advances made pursuant to Section 6 below. The Credit Agreement provides that unless sooner repaid, the Debt is due and payable in full thirty (30) years from the date of this Deed of Trust which is ___11/06/2033___ (the "Maturity Date"). All amounts due under the Credit Agreement and this Deed of Trust are called the "Debt."

3. **Representations of Grantor.** Grantor represents that:

   (a) Grantor is the owner of the Property, which is unencumbered except by: easements reservations, and restrictions of record not inconsistent with the intended use of the Property and any existing first mortgage or deed of trust given in good faith and for value, the existence of which has been disclosed in writing to Beneficiary; and

   (b) The Property is not used for any agricultural or farming purposes.

4. **Promises of Grantor.** Grantor promises:

   (a) To keep the Property in good repair and not to remove, alter or demolish any of the improvements on the Property, without first obtaining Beneficiary's written consent;

   (b) To allow representatives of Beneficiary to inspect the Property at any reasonable hour, and to comply with all laws, ordinances, regulations, covenants, conditions and restrictions affecting the Property;

   (c) To pay on time all lawful taxes and assessments on the Property;

   (d) To perform on time all terms, covenants and conditions of any prior mortgage or deed of trust covering the Property or any part of it and pay all amounts due and owing thereunder in a timely manner;

   (e) To see to it that this Deed of Trust remains a valid lien on the Property superior to all liens except those described in Section 3(a), and to keep the Property free of all encumbrances which may impair Beneficiary's security. It is agreed that if anyone asserts the priority of any encumbrance other than those described in Section 3(a) over this Deed of Trust in any pleading filed in any action, the assertion alone shall be deemed to impair the lien of this Deed of Trust for purposes of this Section 4(e); and

   (f) To keep the improvements on the Property insured by a company satisfactory to Beneficiary against fire and extended coverage perils, and against such other risks as Beneficiary may reasonably require, in an amount equal to the full insurable value of the improvements, and to deliver evidence of such insurance coverage to Beneficiary. Beneficiary shall be named as the loss payee on all such policies pursuant to a standard lender's loss payable clause. The amount collected under any insurance policy may be applied upon any indebtedness hereby secured in the same manner as payments under the Note or, at Beneficiary's sole option, released to Grantor. In the event of foreclosure or sale of the Property pursuant to the Trustee's power of sale, all rights of the Grantor in insurance policies then in force shall pass to the purchaser at the Sheriff's or Trustee's sale.

Loan Number: 0025417064

(g) To sign all financing statements and other documents that Beneficiary may request from time to time to perfect, protect and continue Beneficiary's security interest in the Property. Grantor irrevocably appoints Beneficiary as Grantor's attorney-in-fact to execute, file and record any financing statements or similar documents in Grantor's name and to execute all documents necessary to transfer title if there is a default.

(h) To advise Beneficiary immediately in writing of any change in Grantor's name, address or employment.

5. **Sale, Transfer or Further Encumbrance of Property.** The Loan is personal to Grantor and the entire Debt shall become immediately due and payable in full upon sale or other transfer of the Property or any interest therein by Grantor including, without limit, any further encumbrance of the Property.

6. **Curing of Defaults.** If Grantor fails to comply with any of the covenants in Section 4, including all the terms of any prior mortgage or deed of trust, Beneficiary may take any action required to comply with any such covenants without waiving any other right or remedy it may have for Grantor's failure to comply. Repayment to Beneficiary of all the money spent by Beneficiary on behalf of Grantor shall be secured by this Deed of Trust; at Beneficiary's option, advance may be made against the Credit Agreement to pay amounts due hereunder; such shall not relieve Grantor from liability for failure to fulfill the covenants in Section 4. The amount spent shall bear interest at the rates from time to time applicable under the Credit Agreement and be repayable by Grantor on demand. Although Beneficiary may take action under this paragraph, Beneficiary is not obligated to do so.

7. **Remedies For Default.**

(a) Prompt performance under this Deed of Trust is essential. If Grantor doesn't pay any installment of the Debt on time, or any other event occurs that entitles Beneficiary to declare the unpaid balance of the Debt due and payable in full under the Credit Agreement, the Debt and any other money whose repayment is secured by this Deed of Trust shall immediately become due and payable in full, at the option of the Beneficiary, and the total amount owed by Grantor on the day repayment in full is demanded, including all unpaid interest, will thereafter bear interest at the Default Rate specified in the Credit Agreement. Additionally, if Beneficiary so requests in writing, Trustee shall sell the Property in accordance with the Trust Deed Statute of the State of Utah, at public auction to the highest bidder. Any person except Trustee may bid at the Trustee's sale. Trustee shall apply the proceeds of the sale as follows: (i) to the expenses of the sale, including a reasonable trustee's fee and attorney's fee; (ii) to the obligations secured by this Deed of Trust; and (iii) the surplus, if any, shall go to the persons entitled thereto in order of priority of their liens or interests, if any, or at the Trustee's option, to the County Clerk for the county in which the Property is located.

(b) Trustee shall deliver to the purchaser at the sale its deed, without warranty, which shall convey to the purchaser the interest in the Property which Grantor had or had the power to convey at the time of execution of this Deed of Trust and any interest which Grantor subsequently acquired. The Trustee's deed shall recite the facts showing that the sale was conducted in compliance with all the requirements of law and of this Deed of Trust. This recital shall be prima facie evidence of such compliance and conclusive evidence of such compliance in favor of bona fide purchasers and encumbrancers for value.

(c) The power of sale conferred by this Deed of Trust is not an exclusive remedy. Beneficiary may cause this Deed of Trust to be foreclosed as a mortgage according to law. In connection with any portion of the Property which is personal property, Beneficiary shall further be entitled to exercise the rights of a secured party under the Uniform Commercial Code as then in effect in the state of Utah.

(d) By accepting payment of any sum secured by this Deed of Trust after its due date, Beneficiary does not waive its right to require prompt payment when due of all other sums so secured or to declare default for failure to so pay.

Loan Number:    0025417064

8. **Condemnation; Eminent Domain.** In the event any portion of the Property is taken or damaged in an eminent domain proceeding, the entire amount of the award, or such portion as may be necessary to fully satisfy the obligation secured by this Deed of Trust, shall be paid to Beneficiary to be applied to the obligation.

9. **Fees and Costs.** Grantor shall pay Beneficiary's and Trustee's reasonable cost of searching records, other reasonable expenses as allowed by law, and reasonable attorney's fees, in any lawsuit or other proceeding to foreclose this Deed of Trust; in any lawsuit or proceeding which Beneficiary or Trustee prosecutes or defends to protect the lien of this Deed of Trust; and, in any other action taken by Beneficiary to collect the Debt, including without limitation any disposition of the Property under the State Uniform Commercial Code; and, any action taken in bankruptcy proceedings as well as any appellate proceedings.

10. **Reconveyance.** Trustee shall reconvey the Property to the person entitled thereto, on, written request of Beneficiary, or following satisfaction of the obligations secured hereby, and Beneficiary and Trustee shall be entitled to charge Grantor a reconveyance fee together with fees for the recordation of the reconveyance documents unless prohibited by law.

11. **Trustee; Successor Trustee.** Beneficiary may, at its option, unless prohibited by law, appoint a successor Trustee from time to time in the manner provided by law. The successor trustee shall be vested with all powers of the original trustee. The Trustee is not obligated to notify any party hereto of a pending sale under any other deed of trust or of any action or proceeding in which Grantor, Trustee or Beneficiary shall be a party unless such action or proceeding is brought by the Trustee.

12. **Miscellaneous.** This Deed of Trust shall benefit and obligate the heirs, devisees, legatees, administrators, executors, successors, and assigns of the parties hereto. The term "Beneficiary" shall mean the holder and owner of the note secured by this Deed of Trust, whether or not that person is named as Beneficiary herein. The words used in this Deed of Trust referring to one person shall be read to refer to more than one person if two or more have signed this Deed of Trust or become responsible for doing the things this Deed of Trust requires. This Deed of Trust shall be governed by and construed in accordance with federal law and, to the extent federal law does not apply, the laws of the State. If any provision of this Deed of Trust is determined to be invalid under law, the remaining provisions of this Deed of Trust shall nonetheless remain in full force and effect.

13. **Beneficiary and Similar Statements.** Beneficiary may collect a fee in the maximum amount allowed by law, for furnishing any beneficiary statement, payoff demand statement or similar statement.

14. **Request for Notices** The under signed Grantor requests that a copy of any notice of default and any notice of sale hereunder be mailed to Grantor at the address of Grantor identified on page one hereof.

By signing below, Grantor accepts and agrees to the provisions of this Deed of Trust and of any rider(s) executed by Grantor concurred therewith.

DATED at SLC, Utah _____, 22 day of Oct, 2003.

(GRANTOR(S)):

_____
LARRY R MCNEILL

Loan Number:   0025417064

STATE OF _Utah_ )
                              ) ss.
COUNTY OF _Salt Lake_ )

The foregoing instrument was acknowledged before me this _22_ day of _October_ _2003_
by _LARRY R. MCNEILL_
and _____

```
┌─────────────────────────────┐
│  [SEAL]  Notary Public      │
│          James L. Veale     │
│          376 E. 400 S. #304 │
│          SLC, Utah 84111    │
│          My Commission Expires │
│          September 9, 2004  │
│          State of Utah      │
└─────────────────────────────┘
```
Notary Public
residing at _____

My commission expires: _____

**REQUEST FOR FULL RECONVEYANCE**
Do not record. To be used only when Grantor's
indebtedness has been repaid and Credit Agreement cancelled.

TO:   TRUSTEE _____

The undersigned is Beneficiary of the within Deed of Trust, and the legal owner and holder of the Home Equity Line of Credit Agreement secured thereby. Said Deed of Trust is hereby surrendered to you for reconveyance and you are requested, upon payment of all sums owing to you, to reconvey, without warranty, to the person(s) entitled thereto, the right, title and interest now held by you thereunder.

DATED _____

By _____

Its _____

3400 (02/12/02) 3.2                          BANK                      BK 8922 PG 8585 Page 5 of 5